UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIM. NO. 07-60008-04 |
| VERSUS | * | JUDGE DOHERTY |
| ROY LANDRY, JR. | * | MAGISTRATE JUDGE HILL |

RULING ON DEFENDANT LANDRY'S MOTION TO SEVER

The defendant, Roy Landry Jr., has filed a motion to sever his trial from the trial of his co-defendant, Andrus Faulk, alleging that a statement given to the FBI by Faulk, which is admissible against him, would, in a joint trial, violate Landry's Sixth Amendment rights and would further violate the rule of *Bruton v. United States*, 88 S.Ct. 1620 (1967). [Record Doc. 65]. The government has opposed the motion. [Record Doc. 67].

For those reasons set out below, the motion for severance is **denied** at this time, reserving to the defendant his right to re-urge his motion at trial if necessary.

The defendant was indicted, along with three co-defendants, for conspiracy to distribute controlled substances (count one), possession with intent to distribute cocaine and marijuana (count two) and a forfeiture count (count three). [Record Doc. 1]. The defendant, Landry, does not contend that his joinder with his three co-defendants is improper under Rule 8, Fed. R. Crim. P. Rather, the defendant argues that Rule 14, Fed. R. Crim. P., requires that his trial be severed from that of his co-defendant, Faulk,

because of an anticipated *Bruton* violation.

Specifically, the defendant argues that Faulk made an incriminatory statement to an FBI agent, which statement was memorialized in an FBI 302 dated May 21, 2002. Landry argues that this inculpatory statement made by Faulk implicated Landry as one of Faulk's subordinates in a narcotics distribution operation. Landry then argues that the admission of this statement at his joint trial with Faulk violates the rule of *Bruton*.

The government does not argue that the statement made by Faulk to the FBI does not implicate Landry. Rather, the government states that, "[t]his [*Bruton* violation] is easily rectified by simply redacting the confession to exclude references to Roy Landry, Jr." [Record Doc. 67, page 1]. The government goes on to argue that by, "redacting the Faulk confession, the *Bruton* problem is solved . . . ." [Record Doc. 67, page 2].

The undersigned construes the government's response as offering to redact any and all references to Landry from the inculpatory statement made by Faulk to the FBI, prior to the time that the inculpatory statement is presented to the jury. If that is done, then there is clearly no *Bruton* violation and no grounds for a severance. A *Bruton* violation only occurs when a co-defendant's statement directly alludes to a complaining co-defendant. *United States v. Webster*, 734 F.2d 1048, 1054 n. 6 (5th Cir. 1984). Therefore, once Faulk's inculpatory statement no longer directly alludes to Landry, no *Bruton* violation exists.

If the undersigned has misinterpreted the meaning of the government's response to this motion to sever, and if the government does not redact Faulk's inculpatory statement so as to delete direct references to Landry, then the defendant Landry can re-urge his motion to sever.

The court, understanding that the government is offering to redact Landry's name from the inculpatory statement of Faulk, finds no *Bruton* violation, and therefore denies the motion to sever.[1]

June 24, 2008, Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

[1] The government also indicates that it is engaged in active plea negotiations with Faulk and anticipates that Faulk will plead guilty before trial. If that in fact occurs, this motion will, at that point, be rendered moot.